# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

MINE SAFETY APPLIANCES  )
COMPANY,       )
          )
    Plaintiff,    )
          )
   v.       ) C.A. No. N10C-07-241 MMJ
          )
AIU INSURANCE COMPANY, et al., )
    Defendants.   )
          )

Submitted: April 9, 2015
Decided: June 15, 2015

Upon Plaintiff Mine Safety Appliances Company's Exceptions to the
March 21, 2015 Opinion of the Special Discovery Master
**DENIED**

## ORDER

**JOHNSTON, J.**

1. On July 11, 2014, Defendant The North River Insurance Company ("North River") filed a Motion to Compel Answers and/or to Determine Sufficiency of Objections and Responses to Requests for Admissions and an Interrogatory Related Thereto ("RFA Motion") directed to Plaintiff Mine Safety Appliances Company ("MSA"). Following full briefing, the Special Discovery Master ("Special Master") held oral argument on September 5, 2014.

2. During the September 5, 2014 oral argument, the parties stated that they would engage in meet and confer discussions to attempt to resolve the RFA Motion.

3. On February 23, 2015, North River filed a Supplemental Brief in Support of its RFA Motion, stating that the meet and confer discussions were unsuccessful and a ruling is needed.

4. In letters dated February 25, 2015, and March 2, 2015, MSA informed the Court of its intention to file a Motion for Partial Summary Judgment addressing North River's Known Loss, Known Risk, Public Policy, Unclean Hands, and Misrepresentation defenses ("Five Additional Defenses"). MSA stated that the Five Additional Defenses are the functional equivalent of the expected or intended provision in the North River policies. Therefore, MSA argued that the Court's March 24, 2014 Expected/Intended Opinion renders a great majority of the RFAs irrelevant. MSA requested that a ruling on North River's RFA Motion be postponed until after the Motion for Partial Summary Judgment is decided.

5. On March 21, 2015, the Special Master issued a ruling ("March 21, 2015 Ruling") declining MSA's request to postpone the ruling and granting North River's RFA Motion.

6. On March 27, 2015, MSA filed Exceptions to the March 21, 2015 Ruling. In its Exceptions, MSA requests that the Court stay the March 21, 2015 Ruling until the Court decides MSA's Motion for Partial Summary Judgment.

7. In response, North River argues that the Court should enforce the March 21, 2015 Ruling, compelling MSA to answer the RFA Motion, and deny MSA's Exceptions.

8. The Order of Reference to Special Master, dated December 5, 2012, establishes the Court's proceedings when a party files an exception to a decision of the Special Master during the Course of this litigation. The Court reviews *de novo* the Special Master's Ruling.[1]

9. As to MSA's Exceptions, MSA states that it is not requesting that the Court overturn the March 21, 2015 Ruling. Rather, MSA asks the Court to stay enforcement of the Ruling until after it decides MSA's Motion for Partial Summary Judgment concerning North River's Five Additional Defenses. MSA contends that if the Motion is granted, the March 21, 2015 Ruling should be overturned. Conversely, if the Motion is denied, MSA will comply with the March 21, 2015 Ruling and will answer the discovery.

10. MSA argues that by granting North River's RFA Motion prior to the Five Additional Defenses being ruled on by the Court, the Special Master has

---

[1] Trans. ID 48202156.

burdened MSA with responding to discovery that may be irrelevant if the Motion for Partial Summary Judgment on the Five Additional Defenses is granted. MSA suggests that the parties set a new briefing schedule so that the Motion for Partial Summary Judgment may be heard and a decision rendered before June 29, 2015, the previously-scheduled date for oral argument for Phase I Motions. MSA argues that setting an expedited schedule will alleviate concerns regarding delay in resolving the discovery issues.

11.    The Court disagrees with MSA's contentions and finds that the March 21, 2015 Ruling was correct in denying the request for postponement and ordering MSA to answer North River's discovery requests. Superior Court Civil Rule 26(b) states in pertinent part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ."[2] The Special Master stated in the March 21, 2015 Ruling that MSA has failed to show that the Five Additional Defenses are the functional equivalent of the expected or intended provision in the North River policies. Rather, the Five Additional Defenses are distinguishable from the expected or intended provision and are based on different factual, legal,

---

[2] Super. Ct. Civ. R. 26(b)(1).

4

and policy grounds.  Accordingly, North River is permitted to seek discovery on those issues.

12.     The Court also agrees with the Special Master that considerations of timing and efficiency weigh against staying the March 21, 2015 Ruling.  MSA argues that it will be more efficient to rule on the Motion for Partial Summary Judgment before enforcing the March 21, 2015 Ruling because if the Motion is granted, a large number of RFAs will be irrelevant.  However, if the Motion is denied, MSA will be even further delayed in providing North River with discovery responses.  Further, if the Court stays the March 21, 2015 Ruling, North River may be denied the opportunity to collect discovery that may refute MSA's contention that the Five Additional Defenses are the functional equivalents of the expected or intended provision.

13.     The Court finds that the Special Master carefully considered all issues raised by the parties.  The March 21, 2015 Ruling is consistent with applicable legal precedent, the Delaware Superior Court Civil Rules, and the Court's prior rulings in this case.  The Court is not persuaded by any exceptions to the ruling. Upon *de novo* review, the Court finds the Special Master's ruling–granting North River's Motion to Compel Answers to Requests for Admissions–to be well reasoned.

**THEREFORE**, the Special Discovery Master's March 21, 2015 Ruling is hereby **APPROVED**. All exceptions are hereby **DENIED**.

    **IT IS SO ORDERED.**


/s/ *Mary M. Johnston*_____
The Honorable Mary M. Johnston